WILLIAMSPORT PLANING MILL CO., A CORPORATION IN LIQUIDATION, RELATOR, v. BOARD OF EDUCATION OF THE CITY OF PATERSON, IN THE COUNTY OF PASSAIC AND STATE OF NEW JERSEY, A MUNICIPAL CORPORATION, RESPONDENT.

Argued October 5, 1943—Decided November 10, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and COLIE.

For the relator, *Kristeller & Zucker* (*Saul J. Zucker,* of counsel).

For the respondent, *Harold D. Green* (*Joseph Coult,* of counsel).

The opinion of the court was delivered by

COLIE, J.   This matter is before the court on demurrer to the return to an alternative writ of *mandamus* and upon relator's motion to quash the return. At the outset, the relator's procedure deserves attention. The record discloses that a motion to quash the return was filed and six days later a demurrer to the return was filed, the latter reserving and renewing the motion to quash. That a relator may move to quash the return to a writ of *mandamus or* demur thereto seems to be indisputable.  *High on Extraordinary Legal Remedies,* § 488.  In *Silverthorne* v. *Warren Railroad Co.,* 33 *N. J. L.* 173 (at *p.* 178), the Supreme Court stated that

an attack by demurrer was preferable. *Cf. Gallager* v. *Board of Public Works, &c.,* 45 *Id.* 465; *Byron* v. *Bayonne,* 79 *Id.* 96; *McAllister* v. *Atlantic City,* 90 *Id.* 93. We know of no authority sanctioning the simultaneous use of what are clearly alternative methods. We deem it the better practice to present the questions involved by demurrer to the return. The effect of filing a demurrer was tantamount to a withdrawal of the prior motion to quash, despite the attempted reservation contained in the demurrer.

Phases of the matter have previously been before this court and a review of the facts and prior litigation is necessary to an understanding of the present question. In 1938 the Board of Education entered into a contract with C. H. Johannsen and Co. for the construction of Public School No. 5 in the City of Paterson. The Johannsen company, in accordance with *R. S.* 2:60–207, *et seq.,* entered into a completion bond. Maryland Casualty Company is the surety thereon. Johannsen company, as .general contractor, contracted with Union Millwork and Supply Company to furnish certain materials for the building for which Johannsen company contracted to pay the agreed price. Union Millwork assigned its rights and obligations under its contract to relator. The materials were worth $2,085. Johannsen company became insolvent and went into bankruptcy. It did not pay the relator for the materials furnished. Desiring payment, Williamsport Planing Mill Co. instituted suit against Maryland Casualty Company, the surety on the completion bond. There was a judgment for the defendant, entered after a nonsuit and that judgment was affirmed in this court, *Williamsport Planing Mill Co.* v. *Maryland Casualty Co.,* 129 *N. J. L.* 334, on the ground that there had been no acceptance of Public School No. 5 by the Board of Education and as a necessary consequence, the suit against the surety on the bond was not brought more than eighty days after acceptance of the building by the Board of Education as is required by *R. S.* 2:60–209. Being foreclosed from collecting from the surety on the completion bond because of the failure of the Board of Education to pass an unqualified resolution of acceptance of the school building, relator sought and obtained

an alternative writ of *mandamus,* seeking the passage of an effective resolution. A demurrer to the writ interposed on behalf of the Board of Education was overruled. *Williamsport Planing Mill Co.* v. *Board of Education of Paterson,* 130 *Id.* 321. Upon the overruling of the demurrer, the Board of Education filed the return to the writ now before the court in which it admitted *inter alia* that relator furnished materials to School No. 5 to the value of $2,085 for which it never received payment. The return also set forth at length the resolution of so-called acceptance which, despite the holding in *Williamsport Planing Mill Co.* v. *Maryland Casualty Co., supra,* respondent now argues was an unconditional, unqualified and final acceptance. In the face of the Supreme Court holding to the contrary, such a statement is palpably frivolous. The return then sets up a release given by relator's assignor to the Johannsen company and asserts that the giving of such release estops relator from having a writ of *mandamus.* The writ of *mandamus* commanded and enjoined the Board of Education to "formally adopt a resolution finally, unconditionally and unqualifiedly accepting 'New Public School No. 5.'" The reasons set forth in the return to the writ, however meritorious they may be as defenses in a suit to recover the balance due to relator for the materials which it furnished, and as to this we express no opinion, have no validity as reasons for the failure to pass the requisite resolution.

The motion to quash is denied. The demurrer to the return is sustained and judgment awarded to relator with costs.